## THE PITTSTON.

### THE CITY OF CHESTER.

(District Court, S. D. New York. January 27, 1919.)

#### Nos. 62/334, 62/332.

Collision ⊂⇒69—Barge anchored too near steamship held in fault for collision.
  A collision between a barge and steamship, both anchored, *held*, on the evidence, due to the barge, which was the later comer, in anchoring too near the steamship, so that in swinging with the tide the vessels came in collision.

In Admiralty. Suit for collision by the Ellerman Lines, Limited, owner of the steamship City of Chester, against the barge Pittston, the Scully Line, Inc., claimant, with cross-suit. Single decree in favor of the City of Chester.

Decree affirmed 279 Fed. 129.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City, for libelant.

Foley & Martin, of New York City, for claimant.

HOUGH, Circuit Judge. The questions at the bottom of this case are two: (1) Did the City of Chester drag at all? (2) Did the Pittston anchor where the tugmaster says she did?

There was nothing in the wind and weather conditions excusing any well-found boat for dragging. It is noticeable that the tug did not herself fix any exact spot where the barges were to anchor; but she was bound to let go her hawser at a point where the barges could, with an ebb tide and wind southwest about, properly find anchorage for themselves, with due regard to the safety of vessels already at anchor in the vicinage.

As no bearings were taken, and the tug master did not do the anchoring himself, there is a certain margin of inaccuracy, in fixing the Pittston's exact location when the tug left her; but it remains true that, if she was anywhere very near the position marked on the government chart in evidence, the undoubted tide and wind of the night

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of collision could not possibly have produced collision with the Chester, if ·that steamer did not herself drag. Therefore the correctness of evidence from the Pittston, as to that barge's original place of anchorage, is sharply in issue.

Answering the questions above propounded, I am of opinion that the Chester did not drag. The testimony from that vessel is too full, exact, and probable to be rejected, or indeed doubted.

As to the second question, I answer it in the negative, and find that the Pittston was anchored in such position, that, when both she and the Chester swung to the ebb tide, she was off the port beam of the steamer and dangerously near. Whether she dragged some, at the turn of the tide, cannot be asserted; but she was too near, and must have dragged a few feet, perhaps only a hundred or so, to get her cable into the Chester's wheel.

Therefore the Pittston as the later comer, gave the Chester a foul berth, and is liable. I may add that the testimony which, so far as I am concerned, turns the scale in favor of the Chester is that of the mid-watch, Murchison and Coleman, whose intelligent and exact evidence cannot be disregarded.

These two libels should be in one suit; the practice of making two actions of a proceeding like this is wrong. Let one decree be entered in favor of the City of Chester, with one bill of costs.